Sarah Shapero (Bar No. 281748)
Jessica Adair (Bar No. 348364)
SHAPERO LAW FIRM
100 Pine St., Ste. 530
San Francisco, CA 94111
Telephone:  (415) 273-3504
Facsimile:   (415) 358-4116

Attorney for Plaintiff,
ERWIN L. SIPIN

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERWIN L. SIPIN, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SHELLPOINT MORTGAGE SERVICING, LLC, a limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No.: 2:23-cv-00243-KJM-DB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>1. Violations of California Civil Code Section 2923.6<br><br>2. Violations of California Civil Code Section 2923.7<br><br>3. Violations of Cal. Business & Professions Code section 17200, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

## **PRELIMINARY ALLEGATIONS**

1. This is a case where Defendant Shellpoint intends to sell Plaintiff's property at a Trustee's Sale, even though the Sale is within the statutorily mandated 30-day application appeal period. This lawsuit follows.

## **JURSIDICTION AND VENUE**

2. This is an action asserting violations of California State Law. These claims arise out of the same controversy or sequence of events. Plaintiff is a homeowner who brings this action as a result of Defendant's unlawful conduct concerning the mortgage loan secured by

the property located at as 709 Green Plaza, Lathrop, California 95330-8854 ("Subject Property"). Defendant is a Limited Liability Company domiciled in South Carolina. The amount in controversy is over $75,000.00. Therefore, subject matter jurisdiction based on diversity jurisdiction is satisfied.

3. Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the County of San Joaquin.

4. The court has personal jurisdiction over the parties as all Defendants engage in business within the State of California. Defendant's business involves providing mortgage loan and related services to consumers in the State of California.

## PARTIES

5. Plaintiff ERWIN L. SIPIN is an unmarried man (hereinafter referred to as "Plaintiff").

6. The real property commonly known as 709 Green Plaza, Lathrop, California 95330-8854 ("Subject Property") is located in the County of SAN JOAQUIN, in the State of California and is the property of Plaintiff.

7. Plaintiff is informed and believes and based thereon alleges that Defendant; SHELLPOINT MORTGAGE SERVICING, LLC ("Shellpoint" or "Defendant Shellpoint"), was and at all times relevant to the facts herein, bound by the laws of the state of California, doing business in SAN JOAQUIN County, State of California.

8. The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of Defendants DOES 1 through 20, are unknown to Plaintiffs who sue each Defendant by such fictitious names. Plaintiffs are informed and believes and based thereon alleges each of the Defendants designated herein as a fictitiously named Defendant is, and in some manner, was responsible for the events and happenings referred to herein, either contractually or tortuously. When Plaintiffs ascertains the true names and capacities of DOES 1 through 20, they will amend this Complaint accordingly.

## AGENCY ALLEGATIONS

9. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venture of each remaining Defendant. Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant has inherited any and all violations or liability of their predecessors-in-interest. Additionally, each Defendant has passed any and all liability to their successors-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concert of action.

## STATEMENT OF FACTS

10. Plaintiff ERWIN L. SIPIN ("Plaintiff") at all relevant times, owned the Property located at 709 Green Plaza, Lathrop, California 95330-8854 ("The Property"). The Property is a single-family-home and has served as Plaintiff's residence for the times mentioned herein.

11. Plaintiff purchased the Property in or around November 2005.

12. In October 2006, Plaintiff refinanced his loan on the property and obtained a new first loan against the property from Alliance Bank Corporation. Eventually, Shellpoint became the servicer of that loan.

13. On September 26, 2022, Defendant Shellpoint recorded a Notice of Trustee Sale.

14. In or around December 14, 2022, Plaintiff submitted a complete loan modification application to Shellpoint, which included a loss mitigation application, profit and loss statement, hardship letter, three months of paystubs, tax returns, three months of bank statements, lease agreements and proof of receipt of rental income.

15. On or about January 27, 2023, Defendant Shellpoint denied Plaintiff's loan modification application based on the results of the net present value (NPV) calculation. However, Defendant Shellpoint did not provide the monthly gross income and property value used to calculate the net present value or a statement that the borrower may obtain all of the inputs used in the net present value calculation upon written request to the mortgage servicer.

16. A trustee's sale is still scheduled to occur on February 16, 2023, which is less than thirty (30) days after Plaintiff received the written denial of his loan modification application.

### FIRST CAUSE OF ACTION

### Violations of California Civil code section 2923.6

17. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth therein.

18. Pursuant to § 2923.6(d) of the California Civil Code: "If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error."

19. California Civil Code §2923.6(e) provides, "If the borrower's application for a first lien loan modification is denied, the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or, if a notice of default has already been recorded, record a notice of sale, or conduct a trustee's sale until the later of:

(1) Thirty-one days after the borrower is notified in writing of the denial.

(2) If the borrower appeals the denial pursuant to subdivision (d), the later of 15 days after the denial of the appeal or 14 days after a first lien loan modification is offered after appeal but declined by the borrower, or, if a first lien loan modification is offered and accepted after appeal, the date on which the borrower fails to timely submit the first payment or otherwise breaches the terms of the offer.

20. California Civil Code § 2923.6(f)(3) provides that "if the [loan modification] denial is the result of a net present value calculation, [the servicer must provide] the monthly gross income and property value used to calculate the net present value or a statement that the borrower may obtain all of the inputs used in the net present value calculation upon written request to the mortgage servicer."

21. At all times relevant, Plaintiff is the owner of the Property and resided therein as his primary and principal residence, thus were borrowers within the meaning of the statute.

22. On or about January 27, 2023, Defendant Shellpoint denied Plaintiff's loan modification application.

23. Despite it being within the thirty (30) day period that Plaintiff can appeal the denial and provide evidence that the mortgage servicer's determination was in error, the Trustee's Sale is set to occur on February 16, 2023. Such actions violate California Civil Code § 2923.6(d).

24. In addition, the February 16, 2023, Trustee's Sale is still set to occur less than thirty-one days after Plaintiff received the written denial of the loan modification application. Such actions violate California Civil Code § 2923.6(e).

25. Further, Defendant Shellpoint denied Plaintiff's loan modification application based on the results of the net present value (NPV) calculation but did not provide the monthly gross income and property value used to calculate the net present value or a statement that the borrower may obtain all of the inputs used in the net present value calculation upon written request to the mortgage servicer. This leaves Plaintiff without necessary information to pursue a statutorily mandated appeal. Despite this fact, a trustee's sale is still scheduled to occur on February 16, 2023. Such actions violate California Civil Code § 2923.6(f).

26. Pursuant to Civil Code § 2924.12, Plaintiff is entitled to injunctive relief for these material violations and attorney's fees.

## SECOND CAUSE OF ACTION
**Violation of Cal. Civ. Code § 2923.7**

27. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

28. California Civil Code § 2923.7(b) requires that a single point of contact (SPOC), among other things, to coordinate the receipt of all documents associated with available foreclosure prevention alternatives and notify the borrower of any missing documents necessary to complete the application; to ensure that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer; to have access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative; and have access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

29. Defendant Shellpoint violated California Civil Code § 2923.7(b) by failing to provide Plaintiff with a single point of contact who could fulfill all their statutory duties.

30. Plaintiff's alleged SPOC both failed to have access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative and failed to ensure that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer. Defendant Shellpoint is set to conduct a Trustee's Sale on February 16, 2023, while Plaintiff is still within the 30-day appeal period. Therefore, Defendants does not have the capacity to fulfil its statutory duties and timely, accurately, and adequately inform Plaintiff the status of foreclosure prevention alternatives nor ensure that Plaintiff is considered for all alternatives whilst conducting this Trustee's Sale.

31. Plaintiff's alleged SPOC failed to have access to individuals with the ability and authority to stop foreclosure proceedings when necessary because Defendant is in the midst of conducting a February 16, 2023, Trustee's Sale whilst Plaintiff is still in the 30-day appeal period. Therefore, Plaintiff cannot have access to individuals with the ability and authority to stop foreclosure proceedings during his appeal period whilst Defendant goes forward with this Trustee's Sale.

32. Defendant's violations of California Civil Code § 2923.7, entitles Plaintiff to injunctive relief, as well as attorney's fees. (Cal. Civ. Code § 2924.12(h).)

### THIRD CAUSE OF ACTION
**Unfair Competition**
**Violation of Business and Professions Code Section 17200 et seq.**

33. Plaintiff incorporates all allegations of this complaint and re-allege them as though they were fully set forth herein.

34. Defendant's conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq. California Business and Professions Code § 17200 et seq. incorporates and provides a basis for enforcement of violations of other statutes and laws and those violations as a business practice.

35. Specifically, Defendant's violations of California Civil Code §§ 2923.6, and 2923.7 constitute unfair business practices in violation of California Business and Professions Code § 17200 et seq.

36. As a result of Defendant's wrongful conduct, Plaintiff has suffered various injuries according to proof at trial, including but not limited to the imminent loss of his home.

37. Likewise, Plaintiff was injured and suffered actual damages including but not limited to, loss of money and property, loss of reputation and goodwill, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.

38. Plaintiff seeks injunctive relief enjoining Defendant from engaging in the unfair business practices described herein.

39. Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES

WHEREFORE, Plaintiff ERWIN L. SIPIN demand a trial by jury. Plaintiff prays for judgment against Defendant as follows:

1. That judgment is entered in Plaintiff's favor and against Defendant;
2. For damages, disgorgement, and injunctive relief;
3. For compensatory damages, attorneys' fees, and costs according to proof at trial;
4. For declaratory relief;

DATED: February 10, 2023          Respectfully submitted,

SHAPERO LAW FIRM

 */s/ Sarah Shapero*

Sarah Shapero
Jessica Adair
Attorneys for Plaintiff
ERWIN L. SIPIN